New Jersey Department of Labor,
Workmen's Compensation Bureau.

WILLIAM DITMAR, PETITIONER, v. MEYER & RYBICKI, RESPONDENT.

\*       \*       \*       \*       \*       \*       \*

1. That on or about November 3d, 1926, between nine-thirty and ten A. M., the said petitioner was employed as an iron worker by the respondent at the premises of the Public Service Railway Company in the city of Elizabeth, New Jersey, and while then and there standing on a roll of mesh he lost his footing and felt a pain in his back; that he was receiving wages of $70 per week and that the respondent had knowledge of the occurrence of the said accident within the time required by law; that he continued on the job for the balance of the day, which job was entirely finished that same day; that he thereupon returned to his home and was treated by his own physician for a period of five or six weeks, during which time and on November 19th, 1926, he was examined by a physician for the respondent who diagnosed the injury as a strain of the muscle of the left side, about the middle of the crest of the ilium; that on November 29th, 1926, an X-ray was taken of his back at St. Michael's Hospital which showed a cloudiness of the right sacro-iliac joint but no defi-nite pathology and showed no injury to the left sacro-iliac joint although he complained of pain on that side; that on January 5th, 1927, he was examined by the physician at-tached to this bureau whose diagnosis was practically identical with that of the said respondent's physician who actually treated the said petitioner from December 3d, 1926, to Janu-

ary 12th, 1927, at which time he was discharged; that thereafter he was examined by other physicians and treated by one of them, and several other X-rays were taken of his back; that before the filing of the said petition, the said respondent had paid to the said petitioner for temporary disability entailed by the said injury compensation at the rate of $17 per week for the period of eleven weeks, running from November 3d, 1926, to January 19th, 1927, and had paid further on account of the permanent disability entailed compensation at the rate of $17 per week for twenty-five weeks, running from January 19th to July 13th, 1927, which said period is equivalent to five per cent. of total and permanent disability; that from all of the evidence produced it appears that the said petitioner's temporary disability did not exceed a period of eleven weeks and that the permanent disability does not exceed a period equivalent to five per cent. of total and permanent disability for which said periods he was fully compensated as above stated; that this conclusion is fortified by the results of another examination made by the physician of this bureau on or about August 25th, 1927, when it was discovered that the said petitioner exhibited symptoms which were not the result of the accident.

\*     \*     \*     \*     \*     \*     \*

HARRY J. GOAS,
*Deputy Commissioner.*